UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ERIC LAUDERDALE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 3:09 CV 0263 PS |
| | ) | |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION AND ORDER**

A prison disciplinary hearing board ("DHB") at the Indiana State Prison ("ISP") found Eric Lauderdale guilty of possession or use of an unauthorized substance and imposed a 180-day earned credit time deprivation as a sanction. The DHB also found Lauderdale guilty of unauthorized possession of a cellphone and imposed another 180-day earned credit time deprivation. After the DHB found Lauderdale guilty of these charges, ISP officials, in a separate administrative action, modified his visiting privileges by taking away his contact visitation.

In his petition for writ of habeas corpus, Lauderdale does not challenge the loss of earned credit time. He states that he only "wants to challenge the illegal use of policy 01-102-102, loss of contact visits," (DE 1, at 3), which he alleges is "a violation of double jeopardy, protected by the Indiana and U.S. Constitution[s]." (*Id*. at 5). The respondent filed a motion to dismiss, arguing that Lauderdale did not exhaust his administrative remedies by appealing the DHB findings, and that in any event:

> [T]he only grounds raised in the Petition are not a basis for habeas relief. Lauderdale is not challenging his conviction or the sanctions imposed in the cases he challenges herein. The Petitioner erroneously contends that he is entitled to habeas relief because his visiting privileges were modified by the superintendent of his facility upon recommendation of his unit manager two days after the

> convictions he challenges herein. *See* Petition at 3-5; Modification of Visiting Privileges 1, Docket 1, p. 9; Modification of Visiting Privileges 2, Docket 1, p.10. These visiting restrictions are the result of administrative action and were imposed outside the context of the disciplinary process. *See* DOC Policy 02-01-101, Exhibit F 3. Consequently, any changes to the Petitioner's visiting privileges are not subject to challenge in this forum.

(DE 7, at 3) (Footnote omitted).

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). There must be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). But under *Wolff*, 418 U.S. at 554, and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), habeas review of prison discipline is limited to the deprivation of earned credit time. The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not affect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence).

The only claim presented in this petition is that ISP officials revoked Lauderdale's contact visitation after he was found guilty of possession of a controlled substance and a cellphone. This claim does not deal with the loss of earned credit time, which prolongs his confinement. Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not affect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 714 (7th Cir. 1998).

A petition for a writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive remedy for prisoners challenging the fact or duration of their confinement. *Preiser v. Rodriguez*, 411 U.S. at 489. Actions challenging conditions of confinement, including restrictions on visitation, must be brought under 42 U.S.C. § 1983. *Id.* at 498-99. Because restrictions on visitation are a conditions of confinement claim unrelated to the fact or duration of Lauderdale's confinement, he may not present it to the court in this petition.

For the foregoing reasons, the court **GRANTS** the respondent's motion to dismiss (DE 6) and **DISMISSES** this petition for writ of habeas corpus.

**SO ORDERED.**

Entered: March 3, 2010

 s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT